UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN JONES                                                                                    CIVIL ACTION

VERSUS                                                                                               NO. 12-2437

SOCIAL SECURITY ADMINISTRATION                                      SECTION "I" (3)

## REPORT AND RECOMMENDATION

On October 5, 2012, plaintiff, Karen Jones, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 405 (g) against the Social Security Administration. In this lawsuit, plaintiff seeks disability benefits.

On January 1, 2013, the Court issued an order scheduling a call docket because plaintiff had failed to serve defendant. [Doc. #6]. On January 14, 2013, the notice of that call docket sent to plaintiff at her address of record was returned as undeliverable. [Doc. #7]. Because plaintiff's whereabouts are unknown, plaintiff failed to appear at the call docket hearing on February 6, 2013. On that date, the Court issued its minute entry in which it noted that plaintiff had failed to appear at the call docket and that it would recommend to the District Court dismissal of plaintiff's complaint for failure to prosecute. [Doc. #8]. That too was returned to the Court as undeliverable. [Doc. #9].

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." E.D. La. Loc. R. 11.1. The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

E.D. La. Loc. R. 41.3.1. As noted, on January 14, 2013, mail from this Court addressed to plaintiff at her address of record was returned by the United States Postal Service as undeliverable. Because plaintiff has failed to meet her obligations under the Local Rule, the Court has no way to contact her or to advance her case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider her conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and she has failed to provide the Court with her current address despite being aware of his obligation to do so. 35 days have passed since the mail was returned to this Court as undeliverable. Due solely to plaintiff's failure, her whereabouts are unknown, and this Court has no way to advance his case on the docket. Therefore, the complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 22nd day of February, 2013.

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

3

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

4